# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
            )
  v.         ) ID No. 1002013141
            )
MARK S. BEDNASH,    )
            )
  Defendant.     )

Date Submitted: May 15, 2020
Date Decided:  June 3, 2020

## ORDER

Upon consideration of Defendant's Motion for Compassionate Release ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1. On January 24, 2011, Defendant pled guilty to Manslaughter.[1] By Order dated April 1, 2011, effective February 27, 2010, Defendant was sentenced to 25 years at Level V, suspended after 22 years, for 3 years at Level IV Work Release, suspended after 6 months, for 2 years at supervision Level III.[2]

2. On May 15, 2020, Defendant filed the instant Motion, asking the Court to suspend his remaining Level V time and allow him to serve his Level IV sentence at Home Confinement rather than Work Release.[3] In support of this request,

---

[1] D.I. 10.

[2] D.I. 14. The first 2 years of this sentence is a mandatory term of incarceration pursuant to 11 *Del. C.* § 632.

[3] D.I. 61.

Defendant cites his medical conditions which leave him vulnerable to COVID-19 and his participation in multiple rehabilitation programs.[4]  In addition, Defendant invokes the Eighth Amendment, alleging that the Department of Correction (DOC) has violated his right to medical care by halting all medical treatment unrelated to COVID-19.[5]

3.    "The Eighth Amendment's protection against cruel and unusual punishment requires the government 'to provide medical care for those whom it is punishing by incarceration.'"[6]  Specifically, it is the "deliberate indifference to serious medical needs of prisoners" that is prohibited by the Eighth Amendment.[7]  "Deliberate indifference encompasses 'intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.'"[8]  Here, Defendant has failed to establish that he has a serious medical need which has been disregarded by the DOC.[9]  Moreover, Defendant has failed to proffer any factual basis for this claim that the DOC has intentionally denied or delayed his access to necessary medical care in violation of the Eighth Amendment.  Accordingly, the

---

[4] *Id.*   In his Motion, Defendant states he suffers from hypertension and diabetes.

[5] *Id.*

[6] *Szubielski v. Correct Care Solutions, LLC*, 2014 WL 5500229, at *2 (Del. Ch. Oct. 31, 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

[7] *Johnson v. Connections Cmty. Support Programs, Inc.*, 196 A.3d 412, 2018 WL 5044331, at *2 (citing *Estelle*, 429 U.S. at 104).

[8] *Szubielski*, 2014 WL 5500229, at *3.

[9] *Id.* at *2 ( holding that to succeed on an Eighth Amendment claim, the moving party must prove a serious medical need which the defendant disregarded).

Court will only consider the Defendant's Motion under Rule 35(b).

4.      Superior Court Criminal Rule 35 governs motions for modification of sentence. "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[10]   The Court will not consider repetitive requests for reduction or modification of sentence.[11]

5.      Defendant filed this Motion more than 9 years after the imposition of his sentence, and it is therefore time-barred under Rule 35(b).

6.      In addition, this is Defendant's second request to modify his sentence under Rule 35(b), and therefore, this Motion is barred as repetitive.[12]

7.      The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217.   Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[13] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's

---

[10] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").
[11] Super. Ct. Crim. R. 35(b).
[12] *See* D.I. 29, 61.
[13] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

control, and have prevented the applicant from seeking the remedy on a timely basis."[14]   Mitigating factors that could have been presented at sentence, exemplary conduct, or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[15]

8.     Other than Defendant's summary allegations that his hypertension and diabetes leave him vulnerable to COVID-19 and that the DOC has halted all medical treatment unrelated to COVID-19, Defendant has not proffered any facts indicating he is not receiving adequate medical care.   Defendant's medical condition, as summarily alleged, does not establish "extraordinary circumstances" warranting a reduction or modification of his sentence under Rule 35(b).[16]

9.     Furthermore, the Court notes that the DOC has not filed an application under 11 *Del. C.* § 4217.[17]

10.     Defendant's sentence is appropriate for all the reasons stated at the time of sentencing.[18]   No additional information has been provided to the Court that

---

[14] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

[15] *See id.* at 145–46 (recognizing that participation in educational and rehabilitative prison programs is commendable, but does not by itself constitute "extraordinary circumstances" for purposes of Rule 35(b)).

[16] *See Valentine v. State*, 106 A.3d 1050, 2014 WL 7894374 (Del. 2014) (TABLE) (holding that the defendant's summary allegation of an untreated eye infection did not constitute extraordinary circumstances warranting a reduction of sentence under Rule 35(b)).

[17] *See Dula v. State*, 177 A.3d 47, 2017 WL 6398165, at *1 (Del. 2017) (TABLE) ("Under the plain language of Rule 35(b), 11 *Del. C.* § 4217 is the appropriate mechanism through which an offender may pursue a sentence modification based upon serious illness.").

[18] *See* D.I. 14. The sentence at issue takes into account the following aggravating factors:  (1) need for correctional treatment; (2) lack of amenability; (3) repetitive criminal conduct; and (4)

would warrant a reduction or modification of this sentence.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's

Motion for Compassionate Release is **DENIED.**

*Jan R. Jurden*

_____

Jan R. Jurden, President Judge

Original to Prothonotary:
cc:    Mark S. Bednash (SBI# 00133586)
       Annemarie H. Puit, DAG

lack of remorse.